**DENTONS**

**Hailey Kaye**

hailey.kaye@dentons.com
D    +1 212-398-5822

Dentons US LLP
1221 Avenue of the Americas
New York, NY  10020-1089
United States

dentons.com

May 15, 2026

**BY ECF**

The Honorable Arun Subramanian
United States District Judge
Southern District of New York
40 Foley Square
New York, New York 10007

The Honorable Ronnie Abrams
United States District Judge
Southern District of New York
40 Foley Square
New York, New York 10007

Re:    *Crosby v. Crocs Retail, LLC* (1:25-cv-09359-AS)
       *Rushefsky v. Crocs, Inc.* (1:26-cv-02200-RA)
       Defendant's Letter Request for Consolidation of Actions

Dear Judge Arun Subramanian and Judge Ronnie Abrams,

Defendant Crocs ("Defendant") respectfully asks this Court to consolidate the above-captioned actions, Crosby v. Crocs Retail, LLC (1:25-cv-09359-AS) (the "Crosby Action") and Rushefsky v. Crocs, Inc. d/b/a Hey Dude (1:26-cv-02200-RA) (the "Rushefsky Action") (collectively, the "Actions") pursuant to Rule 42(a)(2) of the Federal Rules of Civil Procedure. As set forth below, consolidation is appropriate here because these two actions involve common questions of law and consolidation would promote judicial economy while avoiding the risk of inconsistent rulings.

In the Crosby Action, Defendant filed an Answer to Plaintiff's Complaint on May 1, 2026. The initial conference in Crosby Action is set for May 28, 2026 at 3:00 PM. In the Rushefsky Action, Defendant's time to answer, move, or otherwise respond to Plaintiff's Complaint does not expire until June 8, 2026. Additionally, in the Rushefsky Action, a joint letter is due by June 1, 2026, addressing whether the case should be referred to mediation or a magistrate judge, or whether an initial status conference should be scheduled.

Given the approaching deadlines in both cases, Defendant respectfully seeks a stay of its time to respond to the Complaint in the Rushefsky Action and a stay of the submission of the joint letter due by June 1, 2026, pending the Court's decision regarding this request for consolidation. Defendant further respectfully requests that the initial conference currently scheduled for May 28, 2026 at 3:00 pm in the Crosby Action be adjourned sine die pending determination of the instant application.

**Puyat Jacinto & Santos ► Link Legal ► Zaanouni Law Firm & Associates ► LuatViet ► For more information on the firms that have come together to form Dentons, go to dentons.com/legacyfirms**

To the extent the Court determines that consolidation is appropriate, Defendant respectfully requests that, upon consolidation, the Court provide Defendant with 30 days to respond to the Complaint in the Rushefsky Action. Doing so would preserve this Court's resources, while also preserving the resources of the Plaintiffs and Defendant in both Actions (together, the "Parties").

Plaintiff's counsel consents to Defendant's request to stay all deadlines pending resolution of this motion. Plaintiff's counsel further consents to the request that the initial conference currently scheduled for May 28, 2026, in the Crosby Action be adjourned sine die pending determination of the instant application.

## I.      Factual Background

Two putative class actions have been filed in this District alleging that the websites operated by Crocs are inaccessible to blind and visually impaired users in violation of federal and state law. The Crosby Action was filed on November 10, 2025. Plaintiff Daniel Crosby, a legally blind individual, alleges that Crocs Retail, LLC's website, https://www.crocs.com/, contains accessibility barriers that deny blind users full and equal access in violation of Title III of the Americans with Disabilities Act ("ADA"), the New York State Human Rights Law ("NYSHRL"), the New York State Civil Rights Law ("NYCRL"), and the New York City Human Rights Law ("NYCHRL").

The second action, the Rushefsky Action, was filed on March 17, 2026. Plaintiff Glen Rushefsky, also legally blind, alleges that Crocs, Inc.'s Hey Dude brand website, https://www.heydude.com/, contains the same types of accessibility barriers in violation of the same statutes, including the ADA, NYSHRL, NYCRL, and the NYCHRL.

## II.     Consolidation is Appropriate Here.

Federal Rule of Civil Procedure 42(a) permits courts to consolidate and coordinate actions that "involve a common question of law or fact." Fed. R. Civ. P. 42(a). Courts look to "the particular facts of cases to determine if the anticipated benefits of consolidated actions, such as considerations of judicial economy and unnecessary costs to the parties, 'outweigh potential prejudice to the parties.'" *Hom v. Vale, S.A.*, 2016 WL 880201, at *2 (S.D.N.Y. Mar. 7, 2016).

Judges have "broad discretion to determine whether consolidation is appropriate." *Katz v. Marex Group PLC*, 1:25-CV-08368 (RA) (SDA), 2026 WL 265496, at *3 (S.D.N.Y. Feb. 2, 2026). "The advantages of consolidation include cost and time savings for the parties, a more efficient use of judicial resources, diminished inconvenience for the witnesses and a reduced or eliminated risk of inconsistent adjudications of common questions of fact and law." *Richardson v. Michelin N. Am., Inc.*, 95-CV-0760E(H), 1998 WL 329387, at *1 (W.D.N.Y. June 3, 1998).

Consolidation is appropriate here because it would "produce significant judicial economy and convenience" and the complaints in both Actions "make substantially similar factual allegations." *Quinn v. Ready Capital Corp.*, 25 CIV. 1883 (PAE), 2025 WL 1883836, at *2 (S.D.N.Y. July 8, 2025). Both plaintiffs allege they are legally blind, rely on screen-reading software, and encountered substantially similar accessibility barriers, including but not limited to, unlabeled buttons, missing alternative text, inaccessible forms, and unreadable product specifications. Additionally, consolidation is appropriate where the Actions cover "some identical issues of law." *Jacobs v. Castillo*, 612 F. Supp. 2d 369, 373 (S.D.N.Y. 2009). Here, both actions assert the same causes of action under the ADA, NYSHRL, NYCHRL, and NYCRL based on alleged accessibility

**DENTONS**

barriers present on each website. Thus, the Actions present overlapping legal questions and arise under the same exact statutes.

Any delay resulting from consolidation would be minimal, and consolidation would benefit the Parties by eliminating duplicative costs and litigation efforts. Both actions are in early stages. In the Crosby Action, Defendant only recently filed its responsive pleading on May 1, 2026. In the Rushefsky Action, no responsive pleading has yet been filed. In neither action has any substantive motion practice or discovery taken place. Additionally, both cases will also involve nearly identical defenses, further supporting the need for consolidation. To avoid the possibility of inconsistent decisions, these cases should be consolidated before a single judge. Accordingly, Defendant respectfully requests that the cases should be consolidated to Judge Arun Subramanian, who is presiding over the Crosby Action, as it bears the lowest docket number.

### III.    A Stay is Similarly Appropriate Here.

"In considering a motion to stay proceedings, the court possesses the inherent discretion to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Estate of Heiser v. Deutsche Bank Trust Co. Americas*, No. 11 CIV. 1608 AJN MHD, 2012 WL 2865485, at *2 (S.D.N.Y. July 10, 2012) *aff'd*, No. 11 CIV. 1608 AJN MHD, 2012 WL 5039065 (S.D.N.Y. Oct. 17, 2012) (internal quotations and citation omitted). In considering a motion to stay, courts will weigh "(1) the private interests of the plaintiffs in proceeding expeditiously with the civil litigation ... (2) the private interests of and burden on the defendants; (3) the interests of the courts; (4) the interests of persons not parties to the civil litigation; and (5) the public interest." *Id*. at *3.

Here, the Court should stay the Actions while it decides the pending consolidation request, and if and when the matter is consolidated, allow Defendant 30 days to respond to the Complaint in the Rushefsky Action. The interests of judicial economy far outweigh any potential prejudice to Plaintiffs. A stay would promote consistent rulings across the Actions, avoid duplicative discovery, and obviate the need for separate court appearances. In the event that the Court denies this consolidation request, Defendant requests 30 days from the Court's order to answer, move or otherwise respond to the Rushefsky Action.

### IV.    Conclusion.

For the foregoing reasons, Defendant respectfully requests that the Court enter a stay pending the Court's decision on the request to consolidate the above-referenced cases; consolidate the above-referenced cases; and upon consolidation, provide Defendant with 30 days to respond to the Rushefsky Complaint.

The motion to consolidate is GRANTED because consolidation would "produce significant judicial economy and convenience" and the complaints in both cases "make substantially similar factual allegations." *Quinn v. Ready Capital Corp.*, 2025 WL 1883836, at *2 (S.D.N.Y. July 8, 2025). Defendant shall respond to the Rushefsky Complaint within 30 days. The remote initial pretrial conference in 25cv9359 is ADJOURNED to **June 18, 2026 at 11:00 AM**. Same dial-in information as detailed in 25cv9359 Dkt. 5.

Respectfully,

*/s/ Hailey Kaye*

That conference will apply to both consolidated cases, so the parties in both cases should meet and confer and submit a joint letter, the details of which are described in 25cv9359 Dkt. 5, by **June 10, 2026**. All other prior deadlines in in 26cv2200 are ADJOURNED *sine die*. The Clerk of Court is respectfully directed to consolidate these cases and terminate Dkt. 22 in 25cv9359 and Dkt. 15 in 26cv2200.

SO ORDERED.

Arun Subramanian, U.S.D.J.

Date: May 18, 2026